IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSEPH M. BILLINGS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ANTIONETTE BILLINGS,<br><br>　　　　　　Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:09-CV-828-TC |

　　　　Joseph Billings appeals the bankruptcy court's order denying his motion to enlarge the time to file a notice of appeal. This case has a complicated procedural history as a result of numerous notices of appeal filed by the Appellant and various motions filed by the Appellee, Antionette Billings.

　　　　The Appellant is seeking review of the bankruptcy court's order approving a settlement agreement in the Appellee's bankruptcy case. But the notice of appeal of that decision was filed after the appeal deadline had passed. The Appellant filed a motion to extend the time for filing a notice of appeal, in accordance with Federal Rule of Bankruptcy Procedure 8002(c)(2). The bankruptcy court denied his motion. Before this court can consider the merits of the appeal, it must first determine whether the bankruptcy court abused its discretion in denying the motion for an extension of time. Absent a finding of abuse of discretion, the appeal of the order approving a settlement agreement is untimely and cannot be considered.

　　　　On October 23, 2009, the court issued a scheduling order directing Appellant to file a

memorandum in support of his notice of appeal and to supplement the record within thirty days. The Appellee was ordered to file a responsive memorandum within fourteen days of the filing of the Appellant's memorandum. The Appellant complied with the scheduling order, filing a memorandum in support of his appeal on November 20, 2009 and filing the supplemental record on November 23, 2009. The Appellee has not filed a memorandum in opposition to the appeal and the time for doing so, as set by the scheduling order, has long passed. Accordingly, the court will proceed without considering any filings made by the Appellee.

## BACKGROUND

The Appellee, Antionette Billings, filed a petition for relief under Chapter 7 of the bankruptcy code. The Appellant, Joseph Billings, is an unsecured creditor of the Appellee. In early 2009, the Appellee and Appellant, along with other parties to the bankruptcy, entered into a settlement agreement that covered several disputes between the parties and closed the Appellant's bankruptcy case. After a hearing on the settlement agreement, the bankruptcy court approved the settlement agreement on August 20, 2001 and entered an order settling the bankruptcy estate on August 21, 2001.

The Federal Rules of Bankruptcy provide that a "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."[1] Fed. R. Bankr. P. 8002(a). The time to file a notice of appeal in this case expired on August 31,

---

[1] A new version of Federal Rule of Bankruptcy Procedure 8002, which went into effect on December 1, 2009, allows a fourteen-day period for filing a notice of appeal. This case is governed by the earlier version of the rules which set the deadline for ten days.

2009.[2]  The Appellant filed his notice of appeal on September 1, 2009, one day after the time period had expired.

On September 3, 2009, the Appellant filed a motion to extend the time to file an appeal. The Bankruptcy Rules dictate that "a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Fed. R. Bankr. P. 8002(c)(2).  Before the bankruptcy court, the Appellant argued there was excusable neglect.  He offered numerous reasons for the delay in filing.  These included (1) a misapprehension of law (he believed the time to file a notice of appeal was thirty days as provided by the Federal Rules of Civil Procedure), (2) time pressures resulting from other litigation, (3) distraction arising from his efforts to assist a friend with a sick mother, (4) a miscalculation of the number of days in the month of August, and (5) his familiarity with the practice in California Superior Court, which calculates time from the time of service rather than the time of judgment.

The bankruptcy court held a hearing on the motion for an extension of time.  At the hearing, the court applied the factors set out in Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993), in determining whether there was excusable neglect.  The court concluded that the reasons for the delay in filing the notice of appeal were within the reasonable control of the Appellant and denied the motion for an extension of time.  Mr. Billings appeals that ruling.

---

[2]Computation of time is governed by Federal Rule of Bankruptcy Procedure 9006.  At the time of the events in this case, that rule excluded intermediate Saturdays, Sundays, and legal holidays from the computation only if the period of time prescribed was less than eight days. Fed. R. Bankr. P. 9006(a).

## ANALYSIS

This court reviews the bankruptcy court's determination of excusable neglect for an abuse of discretion. Lang v. Lang (In re Lang), 414 F.3d 1191, 1199 (10th Cir. 2005). "The question of excusable neglect under Rule 8002(c) is by its very nature left to the discretion of the bankruptcy court whose decision should not be set aside unless the reviewing court . . . has a definite and firm conviction that the court below committed a clear error of judgment." Id. at 1194 (quotation and alteration omitted); Pioneer, 507 U.S. at 395 ("Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."). "An abuse of discretion occurs when the trial court's decision is arbitrary, capricious or whimsical or results in a manifestly unreasonable judgment." In re Lang, 414 F.3d at 1199 (quotations omitted).

In determining excusable neglect, the bankruptcy court should consider "[1] the danger of prejudice to the debtor, [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, [4] including whether it was within the reasonable control of the movant, and [5] whether the movant acted in good faith." Pioneer, 507 U.S. at 395. Here, the bankruptcy court found, and this court agrees, that the delay caused no prejudice to the debtor, the length of delay was slight and had no impact on judicial proceedings, and that there was no evidence of bad faith on the part of the Appellant. Accordingly, factors one, two and five weigh in favor of a finding of excusable neglect.

The Tenth Circuit has held that "fault in the delay remains a very important factor— perhaps the most important single factor—in determining whether neglect is excusable." United

4

States v. Torres, 372 F.3d 1159, 1163 (10th Cir. 2004).  In United States v. Torres, the Tenth Circuit held that the trial court had abused its discretion in making a finding of excusable neglect.  In that case three of the Pioneer factors weighed toward finding excusable neglect (the same three as in this case).  But the court concluded that these three factors could not overcome the reason for the delay, which "was simply that defense counsel confused the filing deadlines for civil and criminal appeals."  Id.  It held that despite the equitable balancing test established in Pioneer, "the excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules."  Id. (quotation and alteration omitted); see also Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 470 (5th Cir. 1998) ("Although . . . . some misinterpretations of the federal rules may qualify as excusable neglect, such is the rare case indeed.  Where, as here, the rule at issue is unambiguous, a district court's determination that the neglect was inexcusable is virtually unassailable.").  In addition, Pioneer itself held that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."  Pioneer, 507 U.S. at 392.

     Torres makes clear that a misunderstanding or misapplication of the Rules of Procedure cannot support a finding of excusable neglect.  Several of the Appellants arguments for excusable neglect make such a claim (i.e. that he believed the time to file a notice of appeal was governed by the Federal Rules of Civil Procedure, that he miscounted the number of days in August, and that he applied the California Superior Court practice of calculating time from the date of service

rather than the date of judgment).³  Accordingly, these arguments must be disregarded as the bankruptcy court could not have relied on them to make a finding of excusable neglect (in fact, it would be an abuse of discretion to have found excusable neglect based on these arguments).

Regarding the Appellant's argument that activity in other legal proceedings distracted him from filing his notice of appeal, the Tenth Circuit has rejected these types of arguments as cause for finding excusable neglect.  In In re Lang, 414 F.3d at 1200, which also involved a pro se appellant, the appellant claimed that her involvement in state court litigation during the time in question constituted excusable neglect under Federal Rule of Bankruptcy Procedure 8002 and that the bankruptcy court abused its discretion in failing to allow the late filing of the Notice of Appeal.  The Tenth Circuit affirmed the bankruptcy court and the bankruptcy appeals panel.  It noted that the appellant had

> not cited, and the Court in conducting its own research has been unable to locate, a single case that stands for the proposition she asks us to adopt: namely, that the failure to comply with the deadline for the filing of a notice of appeal due to the press of other business constitutes excusable neglect.

Id.; see also Pioneer, 507 U.S. at 392 (concluding that although the circumstances in that case constituted excusable neglect "we give little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the bar date."); United States v. Mitchell, 464 F.3d 1149, 1152 (10th Cir. 2006), overruled on other grounds by Mitchell v. United States, 551 U.S. 1129 (2007) ("[C]ounsel's stated reason for the untimely filing is that he was 'immersed' in work

---

³The argument regarding the practice in California is particularly unpersuasive.  The Bankruptcy Rules clearly state the notice of appeal must be filed "within 10 days of the entry of the judgment."  Fed. R. Bankr. P. 8002(a).

for another trial in the days leading up to the filing deadline. This type of neglect is not excusable under the law of our circuit and trumps the other three [Pioneer factors]."). The Appellant's obligations in other litigation cannot serve as a basis for the finding of excusable neglect.

Finally, the Appellant maintains that he was immersed in assisting a friend cope with an ill mother and that distraction contributed to the missed deadline. Courts have found excusable neglect in light of serious personal circumstances. See Local Union No. 12004 v. Massachusetts, 377 F.3d 64, 72 (1st Cir. 2004) (affirming district court's finding of excusable neglect where attorney was preoccupied with need to care for his severely ill infant son). But under the circumstances in this case, the court cannot conclude that the bankruptcy court abused its discretion in determining that no excusable neglect existed here. The facts submitted by the Appellant make clear that the primary cause of the missed deadline was the Appellant's misreading and misapplication of the Rules. His assistance to his friend did not prevent him from filing the papers on time nor did it so consume him that he was unable to meet his other obligations (rather, he met his filing deadlines in other ongoing litigation during this period). It is clear that had Appellant properly read and applied Rule 8002, the filing deadline could have been met.

The Appellant argues that the bankruptcy court erred in placing so much emphasis on the third Pioneer factor, the reason for the delay, that it overcame the first, second and fifth factors, which weighed in favor of a finding of excusable neglect. The Tenth Circuit's rulings in Torres, 372 F.3d at 1159, In re Lang, 414 F.3d at 1191, and Mitchell, 464 F.3d at 1149 show that such an

emphasis is appropriate, and even required. Accordingly, the bankruptcy court did not abuse its discretion in finding there was no excusable neglect. The decision of the bankruptcy court is AFFIRMED and the appeal of the bankruptcy court's August 21, 2009 judgment is DISMISSED.

DATED this 18th day of December, 2009.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge